UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICANDRO P. UCCIFERRI,

    Petitioner,

v.                                      CASE NO. 6:05-cv-645-Orl-19JGG
                                              (6:02-cr-191-Orl-19JGG)

UNITED STATES OF AMERICA,

    Respondent.

_____

**<u>ORDER</u>**

This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 9) filed by Nicandro P. Ucciferri. The Government filed a response to the section 2255 motion (Doc. No. 16), and Petitioner then filed reply (Doc. No. 22).

Petitioner alleges six claims for relief in his motion: first, that his plea of guilty was invalid; second, that his trial counsel was ineffective for failing to advise him of "all the elements of the offenses [that] constitute violations of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2"; third, that his sentencing and appellate counsel were ineffective for failing to challenge this Court's application of the career offender enhancement at sentencing; fourth, that the Court abused its discretion in applying the career offender enhancement at sentencing; fifth, that appellate counsel was ineffective for failing to keep him informed as to the status of the appeal and to provide him with a copy of the appellate court's decision; and sixth,

that appellate counsel was ineffective for failing to notify him of the appellate court's final decision.

*Procedural History*

Petitioner was charged by indictment with maintaining a building for the purpose of unlawfully manufacturing marihuana in violation of 21 U.S.C. section 856(a)(1), United States Code, and 18 U.S.C. section 2 (Criminal Case No. 6:02-cr-191-Orl-19JGG, Doc. No. 1, filed December 11, 2002).[1] Criminal case number 6:02-cr-191-Orl-19JGG was subsequently consolidated with criminal case number 6:01-cr-149-Orl-19JGG.

A jury trial commenced, and, on the second day of trial, Petitioner pled guilty to the charge in the indictment with the understanding that the Government would dismiss all of the charges pending against him in criminal case number 6:01-cr-149-Orl-19JGG. The Court then adjudicated Petitioner guilty of maintaining a building for the purpose of manufacturing marihuana and sentenced him to imprisonment for a term of 151 months (Criminal Case Doc. No. 36, filed April 22, 2003).

Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals, which affirmed his conviction and sentence but remanded the case for the limited purpose of attaching a writing to Petitioner's presentence investigation report ("PSI"). *See* Criminal Case Doc. No. 61, filed March 11, 2004. The Court then entered an Order requiring the United States Probation Office to attach a copy of the Statement of Reasons to the PSI and

---

[1] Hereinafter Criminal Case No. 6:02-cr-191-Orl-19JGG will be referred to as "Criminal Case."

to supply a copy to the United States Bureau of Prisons (Criminal Case Doc. No. 60, filed March 10, 2004).

*Claims One and Four*

Petitioner argues that his guilty plea was invalid because there was no factual basis for the plea (claim one) and that the Court erred in applying the career offender enhancement at sentencing (claim four). These claims were not raised on direct appeal.

"Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112 (1995).[2] "When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error." *Mills*, 36 F.3d at 1055. Alternatively, under the fundamental miscarriage of justice exception, when a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant relief in the absence of a showing of cause for the procedural default. *Mills*, 36 F.3d at 1055.

In the present case, Petitioner has not alleged or otherwise demonstrated cause or prejudice with regard to his failure to raise these claims on direct appeal. Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage

---

[2]The Court notes that a guilty plea can be attacked on collateral review on the ground that it was not knowingly and voluntarily entered only if it is first challenged on direct review. *Bousley v. United States*, 523 U.S. 614, 621 (1998).

of justice exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, Petitioner's failure to raise these claims on direct appeal constitutes a waiver and bars him from raising these claims in the instant proceeding.

***Claims Two, Three, Five, and Six***

Petitioner avers that he received ineffective assistance of counsel because of the following: 1) trial counsel failed to advise him of all of the elements of the charged offense (claim two); 2) trial and appellate counsel failed to object to the Court's misapplication of the career offender enhancement at sentencing (claim three); 3) appellate counsel failed to keep him informed as to the status of his direct appeal (claim five); and 4) appellate counsel failed to notify him of the appellate court's decision (claim six).

*A.     Claim Two*

Petitioner contends that trial counsel failed to advise him of all of the elements of the charged offense.

In *Hill v. Lockhart,* 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id.* at

688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id*. at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id*. at 689-90.[3]

In the present case at the plea hearing the elements of the offense were set forth by the Government and the Court, and Petitioner stated that he understood what had been stated in that regard. (Transcript of Plea Hearing at 11.) In addition, the Government set forth a statement of the facts that it intended to prove beyond a reasonable doubt at trial. Petitioner indicated that he understood the Government's statement and that he generally agreed with the statement of the facts.[4] *Id*. at 42-43. Under the circumstances, the Court finds that counsel's conduct was reasonable with regard to this matter and that Petitioner has not shown prejudice.

B.   *Claim Three*

Petitioner maintains that his sentencing and appellate counsel were ineffective for failing to challenge this Court's application of the career offender enhancement.

Section 4B1.1 of the United States Sentencing Guidelines provides for a career

---

[3] In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

[4] He clarified the Government's recitation of the facts by indicating that construction of the marihuana growing facility in his home had been delayed because he had been waiting on the arrival of special lighting. (Transcript of Plea Hearing at 43.)

offender enhancement. Here, Petitioner met the factors for such an enhancement: Petitioner was at least 18 years old at the time he committed the instant offense; the instant offense was a felony involving a controlled substance offense; and he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1(a). Clearly, Petitioner met each of the factors necessary to impose the career offender enhancement, and Petitioner has not demonstrated that there was any basis upon which to challenge the enhancement.

In addition, the Court notes Petitioner's counsel did raise arguments against the imposition of the enhancement, and, in fact, there was a lengthy discussion about whether the prior convictions should have applied. *See* Transcript of Sentencing at 8-22. After hearing argument from counsel, the Court found that the objections were without merit.

The Court finds that Petitioner's sentencing counsel was not ineffective with regard to this matter and that Petitioner has not shown prejudice. Moreover, because there was no basis for challenging the career offender enhancement, the Court finds that appellate counsel was not ineffective with regard to this matter.

C.   *Claims Five and Six*

Petitioner argues that appellate counsel was ineffective because of the following: 1) counsel failed to keep him informed as to the status of the appeal and to provide him with a copy of the appellate court's decision (claim five); and 2) counsel failed to notify him of the appellate court's final decision (claim six).

It is clear that claim five is without merit. Assuming, without deciding, that his

appellate counsel failed to keep him informed as to the status of the appeal and to provide him with a copy of the appellate court's decision, Petitioner has not demonstrated that he suffered any prejudice as a result of these actions.  In fact, Petitioner fails to argue that counsel's actions resulted in any prejudice.  The appellate court reviewed Petitioner's appeal and, ultimately, affirmed the conviction and sentence.

Likewise, claim six must be denied.  Petitioner argues that, as a result of counsel's actions, he was unable to move for a rehearing or to file a petition for a writ of certiorari with the United States Supreme Court.

First, "a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in [the United States Supreme Court]. . . . [Consequently,] [s]ince [Petitioner] had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely."  *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982).

Next, "[t]he Sixth Amendment does not guarantee effective assistance in pursuing motions for rehearing after denial of a direct appeal. [T]he right to appointed counsel extends to the first appeal of right, and no further.  Thus, the failure of petitioner's counsel to seek rehearing before the [appellate court] cannot constitute ineffective assistance of counsel in violation of the Sixth Amendment." *Alley v. Bell*, 101 F. Supp. 2d 588, 665 (W.D. Tenn. 2000), *affirmed*, 307 F.3d 380 (6th Cir.2002), *cert. denied*, 540 U.S. 839 (2003) (citations omitted) (quotations omitted); *see also Hernandez v. Wainwright*, 634 F. Supp. 241, 250 (S.D. Fla. 1986), *affirmed without opinion*, 813 F.2d 409 (11th Cir. 1987) (finding that "a petition for

rehearing of an appeal is squarely a discretionary appeal and again is within the purview of the rule established in *Wainwright v. Torna* . . . .").

In addition, Petitioner has failed to show by any reasonable probability that any motion for rehearing or petition for a writ of certiorari would have succeeded. *Salcedo v. United States*, No. 98 CIV. 7638 (DLC), 1999 WL 335835, at *4 (S.D.N.Y. May 25, 1999) (finding that, even if appellate counsel did not consult with the defendant regarding his appeal or promptly notify him of the affirmance of his conviction, the defendant had failed to show by any reasonable probability that any petition for a writ of certiorari would have succeeded).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 9, filed July 6, 2005) filed by Nicandro P. Ucciferri is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A certified copy of this Order and the judgment shall also be filed in criminal case number 6:02-cr-191-Orl-19JGG.

3. The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 64, filed

July 6, 2005) pending in case number 6:02-cr-191-Orl-19JGG.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this __9th___ day of May, 2006.

```
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT
```

Copies to:
pslc 5/9
Nicandra P. Ucciferri
Counsel of Record